IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyrkland Mansell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:25-cv-2480-BHH |
| v. ) | |
| ) | **ORDER** |
| Director Scotty Bodiford, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Kyrkland Mansell's ("Plaintiff") pro se amended complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 29, 2025, the Magistrate Judge issued an order directing Plaintiff to bring his case into proper form by providing specified documents. (ECF No. 3.) The order also informed Plaintiff that he may be able to cure certain pleading deficiencies in his complaint and granted him time to file an amended complaint. Plaintiff has failed to bring his case into proper form or file an amended complaint within the time provided.

Accordingly, on July 8, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 6.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this action is subject to dismissal for the reasons set forth in the Report. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 6), and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process**.

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

July 29, 2025
Charleston, South Carolina